# IN THE SUPREME COURT OF THE STATE OF NEVADA

CML-AZ RNH, LLC, A FLORIDA LIMITED LIABILITY COMPANY; CML-AZ ONE, LLC, A FLORIDA LIMITED LIABILITY COMPANY; AND CML-AZ MC103, LLC, A FLORIDA LIMITED LIABILITY COMPANY,
Appellants,
vs.
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AN OHIO NATIONAL BAKING ASSOCIATION,
Respondent.

No. 69806

FILED

SEP 28 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

In June 2005, a borrower executed a promissory note and deed of trust with LoanNow Financial Corporation (LoanNow) to obtain a loan to purchase property. Thereafter, LoanNow concurrently assigned the note to non-party Washington Mutual Bank, FA (WMB), and the deed to Washington Mutual Mortgage Corporation (WMMC). WMB then transferred the note to respondent JP Morgan Chase Bank, N.A. (Chase). In April 2014, appellants CML-AZ RNH, LLC, CML-AZ ONE, LLC, and CML-AZ MC103, LLC (collectively, CML) obtained a judgment lien against the subject property and brought suit against Chase, seeking declaratory relief and to quiet title in its favor.

17-33069

Thereafter, CML and Chase each moved for summary judgment, and the district court issued an order granting summary judgment in favor of Chase. CML now appeals, arguing that (1) the district court improperly raised the standard necessary to rebut the presumption that a deed of trust and note are transferred together under *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. 505, 286 P.3d 249 (2012); and (2) in determining whether CML overcame the presumption, the district court erred by failing to consider the deed assignment form that LoanNow executed, which designated WMMC as the beneficiary.[1]

We conclude that the district court properly applied the presumption in *Edelstein* and that concurrent assignments of the deed and note to separate parties, without more, are insufficient to defeat the presumption. However, we also conclude that the district court erred in granting summary judgment for Chase because genuine issues of material fact remain as to whether Chase possesses both the deed and note in light of LoanNow's concurrent deed assignment to WMMC.

"Summary judgment is appropriate . . . when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (internal quotation marks omitted). "[W]hen reviewing a motion for summary judgment, the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.* Still, "the nonmoving party . . . bears the burden to do more than simply show that there is some metaphysical doubt as to the operative facts," and

---

[1]The parties are familiar with the facts of this case, and we do not recount them further except as is necessary for our disposition.

"is not entitled to build a case on the gossamer threads of whimsy, speculation, and conjecture." *Id.* at 732, 121 P.3d at 1031 (internal quotation marks omitted). Finally, this court reviews a district court's order granting summary judgment de novo. *Id.* at 729, 121 P.3d at 1029.

In *Edelstein*, this court "examine[d] the note-holder and beneficial-interest status of a party seeking to foreclose" through Nevada's Foreclosure Mediation Program. 128 Nev. at 508, 286 P.3d at 252. In that case, borrower David Edelstein executed a promissory note in favor of lender New American Funding, and the two executed a deed of trust designating New American Funding as the lender and Mortgage Electronic Registration System, Inc. (MERS) as the beneficiary. *Id.* at 509, 286 P.3d at 252. As such, this court considered whether "the designation of [MERS] as the initial beneficiary of the deed of trust irreparably splits the promissory note and the deed of trust so as to preclude foreclosure." *Id.* at 508-09, 286 P.3d at 252.

We held that "a promissory note and a deed of trust are automatically transferred together unless the parties agree otherwise." *Id.* at 517, 286 P.3d at 257. "Thus, unlike the traditional rule, a transfer of either the promissory note or the deed of trust generally transfers both documents," and "permits the parties to separate a promissory note and a deed of trust, *should the parties so agree.*"[2] *Id.* at 518, 286 P.3d at 258

---

[2]This court looked to the Restatement, and noted that:

> it is conceivable that on rare occasions a mortgagee will wish to disassociate the [note] and the deed of trust, but that result should follow *only upon evidence that the parties to the transfer so agreed.* The far more common intent is to keep the two

SUPREME COURT OF NEVADA

(O) 1947A

(emphasis added). We then looked to the express language of the deed and concluded that the parties "effectively 'split' the note and the deed of trust at inception because, *as the parties agreed,* an entity separate from the original note holder (New American Funding) is listed as the beneficiary (MERS)." *Id.* at 520, 286 P.3d at 259 (emphasis added).

Pursuant to this court's holding in *Edelstein,* we conclude that concurrent acts of assignments alone, without any express language in the documents or other indication of an agreement by the parties to such agreements to split the deed and note, are not sufficient to defeat the presumption that the documents transferred together. Here, the district court's order concluded that because "there is no indication of the involvement of more than one party in the drafting of the [ ] assignments" from LoanNow to WMB and WMMC, "there is no evidence . . . which supports the contention that there was an agreement" between the parties to split the note and deed of trust. The district court further concluded that because WMB was able to produce and authenticate the note, the deed of trust necessarily followed.

We agree with the district court that there was no indication that the parties to the assignments agreed to the splitting of the deed and note. In particular, unlike in *Edelstein,* where the deed's express language designated New American Funding as the lender and MERS as the

---

rights combined. This is because, as we have discussed, both the promissory note and the deed must be held together to foreclose; the general practical effect of severance is to make it impossible to foreclose the mortgage.

*Id.* at 518, 286 P.3d at 258 (emphasis added) (internal quotation marks and citations omitted).

beneficiary, here, the assignment documents from LoanNow to WMMC and WMB contain no such language. Moreover, there is no evidence that WMMC and WMB participated in each other's assignment of interest as to indicate an agreement to split the deed and note. Instead, LoanNow's assignments can be construed as a unilateral attempt to split the deed and note.

Nonetheless, we conclude that the district court erred in finding that Chase possesses both the deed and note. Specifically, the district court's order did not discuss LoanNow's assignment of the deed to WMMC in its findings of fact, nor did it discuss the application of the presumption in *Edelstein* to that assignment. Rather, the district court solely examined the validity of LoanNow's note assignment to WMB, and whether the deed presumptively followed the assignment. Thus, there remains a genuine issue of material fact as to whether LoanNow's deed assignment to WMMC rendered its note assignment to WMB invalid. Therefore, we conclude that the district court improperly granted summary judgment in favor of Chase, and on remand, we instruct the district court to consider WMMC's interests in the deed.

In doing so, the district court should first determine the validity of LoanNow's deed assignment to WMMC, because an invalid assignment would not implicate the presumption that the note followed as well. Supposing that the deed assignment to WMMC was valid, the district court should then determine which assignments between WMMC and WMB came first in time, as the assignment that occurred first would then retain both the note and the deed under the presumption in *Edelstein*, and the subsequent assignment would be invalid. Accordingly, we

VACATE the district court's order granting Chase's motion for summary judgment AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Joseph Hardy, Jr., District Judge
Janet Trost, Settlement Judge
Andersen Law Firm, Ltd.
Smith Larsen & Wixom
Eighth District Court Clerk